**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1974**

SUNDAY EGAHI,

       Plaintiff – Appellant,

    v.

TODD BLANCHE, Acting Attorney General of the United States; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; DANIEL M. RENAUD, Director of the USCIS Vermont Service Center; SUSAN DIBBINS, Director, USCIS Administrative Appeals Office; JOSEPH B. EDLOW, Director, United States Citizenship & Immigration Services (USCIS),

       Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge. (1:21-cv-02938-LKG)

Argued: January 28, 2026                                            Decided: April 13, 2026

Before GREGORY, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished opinion. Judge Harris wrote the opinion, in which Judge Gregory and Judge Richardson joined.

**ARGUED:** Simon Yehuda Sandoval-Moshenberg, MURRAY OSORIO PLLC, Fairfax, Virginia, for Appellant. Shane Alan Young, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Brett A. Shumate, Assistant Attorney General, Samuel P. Go, Assistant Director, Nicole P. Grant, Senior Litigation

Counsel, Victor M. Mercado-Santana, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Plaintiff Sunday Egahi sought immigration relief under the Violence Against Women Act but was deemed ineligible by U.S. Citizenship and Immigration Services. He then sued the agency in federal district court, alleging that its decision was arbitrary and capricious. The district court held that it lacked jurisdiction to hear his claims and dismissed his complaint.

On appeal, Egahi concedes that the district court was correct as to most of his claims. He contends, however, that the district court failed to consider a single claim that was not jurisdictionally barred: a legal challenge to the agency's interpretation of the eligibility provision in question. But because Egahi failed to properly plead that claim in his complaint, and because the district court did not abuse its discretion in denying him leave to amend, we affirm.

## I.

In June 2017, Sunday Egahi filed a self-petition with U.S. Citizenship and Immigration Services ("USCIS"), seeking immigrant classification as the abused spouse of a United States citizen pursuant to the Violence Against Women Act ("VAWA"). The agency denied Egahi's petition two years later for failure to satisfy one of VAWA's eligibility requirements: that he "resided with [his] spouse or intended spouse." 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(dd). As USCIS explained in its decision, Egahi averred that he and his citizen spouse married in March 2012 and lived together from April 2012 to June 2014, first in Fort Worth, Texas, and then in Austin, Texas. But the evidence, USCIS determined,

3

did not support that account.  In particular, a site visit to the Fort Worth apartment and a discussion with the apartment leasing manager indicated that Egahi's spouse had continuously maintained a residence there and lived alone during the relevant time period.

After unsuccessfully appealing that decision through USCIS's administrative process, Egahi, represented by counsel, filed suit in federal district court in Maryland.  His complaint alleged violations of the Administrative Procedure Act ("APA"), the Equal Protection Clause, and the Due Process Clause.  According to Egahi, the agency denied his petition solely because he failed to "establish joint residence during the marriage."  J.A. 2. And that finding, Egahi claimed, relied too heavily on the statement of the apartment leasing manager and on USCIS's misguided belief that Egahi had not adequately addressed other inconsistencies in the record.

Soon after initiating this action, Egahi amended his complaint to add the following paragraph:

> The I-360 VAWA self-petition was denied by USCIS [] based on violations of the Administrative Procedures Act [*sic*], on August 22, 2019, . . . including but not limited to re-adjudication of the validity of the marriage, improper analysis of the relevance of co-habitation during the marriage, disproportionate weight given to the testimony of one peripheral witness over that of the petitioner and beneficiary, and lack of proper consideration given to Plaintiff's VAWA petition.

J.A. 20.

The government moved to dismiss Egahi's complaint for lack of subject matter jurisdiction and for failure to state a claim.  As the government explained, the Immigration and Nationality Act ("INA") forecloses judicial review of USCIS decisions that are committed by statute to the agency's discretion.  8 U.S.C. § 1252(a)(2)(B)(ii).  And as the

4

INA makes clear, such discretionary and thus unreviewable decisions include determinations as to "what evidence is credible and the weight to be given that evidence" when adjudicating VAWA self-petitions. 8 U.S.C. § 1154(a)(1)(J). Because Egahi challenged only USCIS's credibility assessments and weighing of the evidence, the government argued, the INA stripped the district court of jurisdiction to hear his suit. In the alternative, the government argued that Egahi's complaint should be dismissed because it did not plead sufficient facts, accepted as true, to state a claim for relief that was plausible on its face.

In his opposition brief, Egahi argued that the district court maintained jurisdiction over this action because USCIS violated the APA by "not mak[ing] a reasoned decision, undert[aking] an improper analysis, and ignor[ing] evidence on record giving unreasonable and disproportionate weight to the testimony of one peripheral witness." J.A. 59–60. He also contested the legal standard applied by USCIS when analyzing whether he had met VAWA's cohabitation requirement: While USCIS demanded proof that he lived with his citizen spouse "during the marriage," Egahi argued, VAWA permitted him to establish joint residence "at some [other] undefined time." J.A. 62. USCIS, in short, had misinterpreted the statute.

The district court agreed with the government and dismissed Egahi's complaint for want of subject matter jurisdiction. *Egahi v. Garland*, 2023 WL 4490351, at *1, *5 (D. Md. July 12, 2023). Under the court's reading, "the amended complaint shows that [Egahi] improperly seeks judicial review of [USCIS's] discretionary determinations regarding the weight and credibility of the evidence provided in support of his VAWA petition." *Id.* at

5

*4. And because such discretionary determinations fall within the INA's jurisdiction-stripping provisions, the court reasoned, it lacked authority to adjudicate Egahi's APA claims. *Id.* at *5.[1]

Accordingly, the district court granted the government's motion to dismiss pursuant to Rule 12(b)(1) and entered judgment for the government. This timely appeal followed.

## II.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Lovo v. Miller*, 107 F.4th 199, 205 (4th Cir. 2024).

On appeal, Egahi concedes that the INA precludes judicial review of his APA claims attacking USCIS's credibility and evidentiary determinations, and that the dismissal of those claims was therefore appropriate. *See* 5 U.S.C. § 701(a)(1) (stating that agency action is reviewable under the APA only if no other statute "preclude[s] judicial review"). But, he contends, there was one claim raised in his complaint and overlooked by the district court over which the court *did* have jurisdiction: USCIS's allegedly erroneous reading of VAWA's cohabitation provision. *See* 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(dd) (requiring the self-petitioner to have "resided with [his] spouse or intended spouse" to qualify for VAWA relief). According to Egahi, the agency misconstrued VAWA when it insisted on evidence

---

[1] The district court also ruled that Egahi's constitutional claims did not provide a basis for exercising subject matter jurisdiction because Egahi "neither explain[ed] the nature of his purported constitutional claim, nor state[d] how [USCIS] violated the [C]onstitution in the amended complaint." *Egahi*, 2023 WL 4490351, at *5. Egahi does not challenge that aspect of the district court's decision on appeal.

of cohabitation with his spouse during their marriage, instead of considering whether they had lived together at some other point in their relationship. And review of that legal question, Egahi says, falls outside the INA's jurisdiction-stripping provisions.

The government does not dispute that a legal claim about the meaning of VAWA's cohabitation provision would fall within the district court's jurisdiction. Instead, it argues that Egahi never actually pled such a claim in his complaint. By Egahi's own account, the closest his complaint comes is with the phrase "improper analysis of the relevance of co-habitation during the marriage," which appears in the paragraph Egahi added to his complaint by amendment. J.A. 20. And that phrase, the government protests, is too ambiguous to give notice of a statutory-interpretation challenge to the legal standard used by USCIS in making its cohabitation determination.

We agree with the government that Egahi did not adequately plead the legal-standard claim for purposes of Rule 12(b)(1). Consider, first, the language on which Egahi relies. The phrase "improper analysis of the relevance of co-habitation during the marriage" appears in a laundry list of alleged APA violations:

> The I-360 VAWA self-petition was denied by USCIS [] based on violations of the Administrative Procedures Act [*sic*], on August 22, 2019, . . . including but not limited to re-adjudication of the validity of the marriage, improper analysis of the relevance of co-habitation during the marriage, disproportionate weight given to the testimony of one peripheral witness over that of the petitioner and beneficiary, and lack of proper consideration given to Plaintiff's VAWA petition.

J.A. 20. Nothing about that sentence fragment identifies USCIS's interpretation of VAWA as the source of the alleged "improper analysis." Instead, and particularly in the context of

7

this paragraph, the phrase might more plausibly be read as a challenge to USCIS's discretionary weighing of Egahi's cohabitation evidence.

Widening the lens to look at the complaint as a whole does not help Egahi. Egahi's legal claim, again, is that USCIS adopted an unduly narrow reading of a statutory term: § 1154's requirement that a VAWA applicant show he "has resided with [his] spouse or intended spouse." 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(dd). But that provision appears nowhere in Egahi's complaint. Nor does his complaint identify the purportedly incorrect interpretation applied by the agency in denying his VAWA petition. And perhaps most conspicuously, Egahi nowhere alleges facts that would make his legal claim relevant. At no point does Egahi assert, for example, that he resided with his abusive spouse at a time when they were *not* married, such that USCIS's application of its standard – requiring cohabitation "during the marriage" – adversely affected him.

To be sure, Egahi did raise his legal-standard claim in his opposition to the government's motion to dismiss. As he acknowledges, however, briefing cannot substitute for complaint allegations. *See* Appellant's Reply Brief at 7 (agreeing with the government that the "dispositive question" in this case is "whether [the legal-standard] claim was sufficiently presented to the District Court by means of the Amended Complaint"); *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through

8

briefing or oral advocacy.").[2]

We see nothing in Egahi's complaint that could have put the district court – or, for that matter, the government – on "fair notice" of his statutory-interpretation claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (complaint must give "fair notice of what the claim is and the grounds on which it rests"). As we have long recognized, "[d]istrict judges are not mind readers," and "they cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). But that is essentially what Egahi seeks here. In this situation, we do not fault the district court for construing Egahi's complaint as objecting exclusively to USCIS's weighing of the evidence, and we therefore affirm its dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[3]

---

[2] In the context of *pro se* lawsuits, we have allowed for consideration of materials beyond the complaint in identifying the nature of a plaintiff's claims, consistent with the "special judicial solicitude" courts afford *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (recognizing that "[s]ubsequent proceedings" may reveal "the heart of a litigant's concern" and directing district courts to "give a *pro se* litigant the benefit of a liberally construed complaint" in such cases). But Egahi, as noted above, was represented by counsel before the district court.

[3] Even if we thought the district court had erred in failing to detect Egahi's legal claim, any such error would have been harmless. For these purposes, we can assume Egahi's reading of the statute is correct and that he can establish eligibility by showing he resided with his spouse before or after they were married. Even so, Egahi could not have prevailed on this legal claim, because his complaint omits any allegation that he lived with his spouse at a time when they were not married. *See* 5 U.S.C. § 706 (instructing courts to take "due account" of "the rule of prejudicial error" when reviewing agency action under the APA).

9

## III.

One other argument requires our attention. Egahi insists that, even if the district court did not err in dismissing his complaint, it nevertheless abused its discretion by denying him the opportunity to file a second amended complaint. We review a district court's denial of leave to amend for abuse of discretion, *Willner v. Dimon*, 849 F.3d 93, 114 (4th Cir. 2017), and find no such abuse here.

Importantly, Egahi did not file a motion to amend his complaint in the district court. Instead, on the last page of his brief in opposition to the government's motion to dismiss, he sought a kind of conditional permission to amend – specifically, "to add additional causes of action[] based on new facts discovered through formal and information discovery should the court find that additional evidence is necessary for proper adjudication of this claim." J.A. 63. According to Egahi, the district court erred by failing to allow for this amendment, at least in the absence of any showing of futility, prejudice, or bad faith.

We have held, however, that when a plaintiff "fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make," a district court does not abuse its discretion in denying leave to amend. *Willner*, 849 F.3d at 114. Here, Egahi neither filed a formal motion nor identified the claims he intended to add. Moreover, his request for leave to amend was, in his own words, contingent upon two events: "the court find[ing] that additional evidence [was] necessary for proper adjudication" of his claims, and the "discover[y]" of "new facts" "through formal and information discovery." J.A. 63. Before this court, Egahi does not contend that any additional information was required to assess

10

subject matter jurisdiction, the basis for the district court's dismissal. And as the government points out, Egahi's asserted justification for amendment – the possibility that discovery would reveal new information – is unavailing in an APA suit, which is based not on facts uncovered through discovery but on an administrative record compiled by the agency. Under these circumstances, the district court did not abuse its discretion when it denied leave to amend.[4]

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*

---

[4] In his opening brief, Egahi also objected to the district court's consideration of the USCIS decisions he was challenging, because those decisions were not attached to his complaint. He appears to have abandoned that argument in his reply brief, and with good reason. There is no dispute as to the authenticity of the agency decisions provided to the district court. Whether we think of them as "integral" to the complaint or as appropriate subjects of judicial notice, the district court was within its authority to review those decisions at the motion-to-dismiss stage. *See Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024) ("[A] court may consider a document outside the complaint at the motion to dismiss stage when the document is integral to the complaint and there is no dispute about the document's authenticity." (emphasis and internal quotation marks omitted)); *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("[I]t is a well-settled principle that the decision of another court or agency . . . is a proper subject of judicial notice.").